## IN RE TAX ASSESSMENT, ESTATE OF JAMES ROBINSON.

APPEAL FROM TAX APPEAL COURT, HONOLULU.

SUBMITTED NOVEMBER 15, 1901. DECIDED NOVEMBER 27, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Upon the evidence, the decision of a Tax Appeal Court is reversed and a higher valuation placed upon certain property.

OPINION OF THE COURT BY PERRY. J.

This is an appeal by the assessor from the decision of the Tax Appeal Court fixing the valuation, for purposes of taxation for the year 1901, of certain land and improvements, known as the Pakaka Wharf Property, at $99,900. This property was returned by the tax-payer at $80,000 and assessed by the present assessor's predecessor in office at $270,000. In the Tax Appeal Court, and also in this Court, the present assessor claims a valuation of not more than $163,800, that being at the rate of $3.00 per square foot for the total area of 54,600 square feet.

The land in question is situated on the makai side of Queen street, between Fort and Nuuanu streets, and extends to the water of the harbor. A portion, that facing on Queen street, is occupied with stores and offices for business purposes, the large area in the rear is used for the storage of lumber, and the remaining portion as a wharf. The latter is of sufficient length to accommodate a vessel 225 feet long. The stores are under leases for short terms and the lumber yard is subject to a lease for fifteen years with one and one-half years of the term un-

expired. The wharf proper is not leased, the estate collecting wharfage therefrom from time to time as it is used. The total income from the property for the year 1900 was $8,071, being $5,340 from rents and $2,731 from wharfage.

The evidence adduced is meager and unsatisfactory. The assessor's estimate of a value of $3.00 per square foot is unsupported by any facts sufficiently proven. There is no evidence from which we can find with certainty how much, if any, the present rental value of the property exceeds the income derived therefrom last year or from which a correct valuation may be intelligently arrived at by comparison with the value of neighboring land or of property similarly situated. The only testimony tending to show that the valuation placed by the Tax Appeal Court is too low, is that of M. P. Robinson, a part owner and the only witness on behalf of the owners. In answer to the question, "What do you consider that wharfage property worth as a whole?" he testified: "For taxable purposes I should be satisfied to pay taxes on $120,000. I would have to get fifty per cent more than the present rent to make it that price." The witness evidently was of the opinion that the property is capable of producing a larger income than it produced last year, and that to apply in this case the eight year rental rule would be manifestly unfair and unjust. In view of this testimony, we reverse the decision of the Tax Appeal Court and fix the valuation for the year 1901 at $120,000.

*Holmes & Stanley* for the tax-payer.

*Robertson & Wilder* for the assessor.